# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THEOPHAS MAYBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-136-TCK-PJC |
| | ) |
| FRANK THOMPSON, and | ) |
| HENRY THOMPSON, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiffs' *pro se* Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2).

**I.    Motion for Leave to Proceed IFP**

Plaintiff Theophas Mayberry seeks to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013). This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Based on Plaintiff's motion and supporting affidavit, the motion to proceed IFP is granted.

**II.**     *Sua Sponte* **Dismissal for Improper Venue**

Plaintiff seeks to gain his "rightful inheritance (money) that should have been left to my mother Catherine Reed-Jefferson from her sister's estate Helen Strong after she died in 1988." (Compl. 2.) Plaintiff alleges Defendants Frank and Henry Thompson exerted undue influence over his aunt, Helen Strong ("Strong"), before her death in 1988. Plaintiff contends that, had Defendants not exerted undue influence over Strong, she would have left money to his mother, Catherine Reed-Jefferson ("Reed-Jefferson") and that when Reed-Jefferson died in 2002, Plaintiff would have received his share of this money. Plaintiff alleges Defendants are both residents of Tulare, California; that he is a resident of Tulsa, Oklahoma; and the amount in controversy exceeds $3,000,000. (*See* Docs. 1, 3, and 4.) It appears Plaintiff intends to assert a state-law claim for undue influence.

The Court dismisses the action *sua sponte* because this Court is an improper venue for the dispute. Venue of this diversity action is governed by 28 U.S.C. § 1391(b), which provides:

> (b) Venue in general.--A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants reside in Tulare, California. The death certificates attached to the Complaint show that Strong died in Tulare, California, and that Reed-Jefferson died in Memphis, Tennessee. A letter written by Reed-Jefferson to a California attorney on December 1, 1988 -- which appears to be the primary basis for Plaintiff's claim -- describes undue influence witnessed by Reed-Jefferson while she was in Tulare, California visiting her sister. Based on Plaintiff's allegations and supporting

documentation, it is clear that no Defendant resides in Oklahoma; that none of the undue influence giving rise to the claim occurred in Oklahoma; that neither Strong nor Reed-Jefferson's estates were administered in Oklahoma; that the money allegedly wrongfully held by Defendants is in California; and that it is highly unlikely this Court could assert personal jurisdiction over Defendants. Thus, the Court finds this is an improper venue for Plaintiff's undue influence claim.

### III. Conclusion

Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2) is granted. Plaintiff's Complaint is dismissed *sua sponte* for improper venue. This dismissal is without prejudice, meaning Plaintiff can refile his lawsuit in a proper judicial district.

**SO ORDERED this 10th day of June, 2016.**

**TERENCE KERN**
**United States District Judge**